IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COLIN BORTZ, | : |
|     Petitioner | : |
|       v. | : Case No. 2:25-cv-452-KAP |
| KEN HOLLIBAUGH, | : |
| SUPERINTENDENT S.C.I. SOMERSET, | : |
|     Respondents | : |

Memorandum Order

    The Court of Appeals granted petitioner leave to file a second or successive petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 2254 attacking his conviction and sentence in Commonwealth v. Bortz, CP-65-CR-152-1994 (C.P. Westmoreland). ECF no. 1. The petition was filed in this court at ECF no. 2.

    Petitioner moves to stay the petition under Rhines v. Weber, 544 U.S. 269, 276-78 (2005) because he is currently seeking relief under Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa.C.S.§§ 9541–46. The proceedings in the trial court present substantially the same issues presented in the petition. ECF no. 8. A stay is appropriate under Rhines v. Weber when the petitioner has good cause for failure to exhaust claims, the unexhausted claims are potentially meritorious, and there is no evidence that the petitioner is trying to use the stay as a delaying tactic.

    I held a status conference today by Zoom. My thanks to counsel for their prompt appearance. Counsel for the respondent has not entered a written appearance yet and did not consent to a stay. My independent review of the pleadings in this and related proceedings, however, convinces me that petitioner has good cause for failure to exhaust, ought to exhaust potentially meritorious claims before proceeding in federal court, and is not seeking the stay as a delaying tactic.

    The motion to stay, ECF no. 8, is granted. This matter is stayed pending completion of petitioner's PCRA proceedings, including the completion of any appeal to the Pennsylvania Superior Court. If this matter is not rendered moot by action in the state court, counsel for the petitioner shall notify the Clerk when proceedings on the PCRA petition are completed. I will then reopen this matter for further proceedings. If petitioner needs to amend his petition to reflect any claims exhausted in the PCRA proceedings, when he seeks to reopen this matter petitioner shall file a motion to amend attaching as an exhibit a single petition complying with Habeas Rule 2, raising all the claims on which he seeks relief. The stay is without prejudice for any party to move to lift the stay for good cause.

Three housekeeping matters:

1) The District Attorney of Westmoreland shall enter an appearance as counsel for the respondent, Hollibaugh.

2) The Clerk shall delete the District Attorney of Westmoreland and Attorney General of Pennsylvania as respondents. The local rule that results in that miscaptioning is incorrect but beyond my power to fix except case-by-case. The correct respondent is the person having legal custody of the petitioner, that is, "the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004).

3) To make sure this matter is not overlooked if proceedings in the state court are lengthier than expected, counsel for either party should file a status report no less often than once per year, with the first such report due January 31, 2026.

DATE: April 23, 2025

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record